**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRISTOPHER ZOIDIS, et al., | ) |
| | ) |
| | ) |
| *Plaintiffs*, | )    Civil Action No. MJG-16-2786 |
| | ) |
| v. | ) |
| | ) |
| T. ROWE PRICE ASSOCIATES, INC., | ) |
| | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**SUPPLEMENTAL MEMORANDUM OF DEFENDANT T. ROWE PRICE
ASSOCIATES, INC., IN SUPPORT OF MOTION TO DISMISS**

Pursuant to the Court's August 18, 2016 Order, ECF No. 76, Defendant T. Rowe Price

Associates, Inc. ("T. Rowe Price") submits this supplemental memorandum in support of its

Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss" or "Mot."), ECF No. 34.

All of the authority cited in the Motion to Dismiss remains fully applicable and warrants

dismissal of the Complaint in its entirety because the plaintiffs have failed to state a claim for

relief under Section 36(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80a-

35(b).  One case cited in the Motion to Dismiss—the Fourth Circuit's decision in *Migdal v. Rowe

Price-Fleming International, Inc.*, 248 F.3d 321 (2001), *see* Mot. 7, 14—has become crucial to

the Court's consideration of the motion in light of the transfer to this district.  *Migdal*, which

affirmed dismissal of a Section 36(b) claim, is precedent that binds this Court and confirms that

the Motion to Dismiss should be granted.

 For the reasons stated in the Motion to Dismiss, and for the reasons stated below, the

plaintiffs have not adequately alleged that the advisory fees T. Rowe Price charges certain of its

retail mutual funds (the "Funds") are "so disproportionately large that [they] bear[] no reasonable

relationship to the services rendered and could not have been the product of arm's length bargaining." *See Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010). The pleading does not begin to establish what the fair bargaining range is. And their attempt to do so by comparing mutual fund fees to sub-advisory fund fees founders on the absence of a factual foundation of comparability. The plaintiffs deceptively subtract out the aggregate fees sub-advised funds pay, only then compare the remainder to T. Rowe Price's mutual fund fees, and rely exclusively on their say-so that services provided for those fees are the "same or substantially the same."

## I.    FOURTH CIRCUIT PRECEDENT REQUIRES DISMISSAL OF THE COMPLAINT

The Fourth Circuit's only relevant precedent interpreting Section 36(b) of the ICA is directly on point and firmly demonstrates that T. Rowe Price's Motion should be granted. In *Migdal*, then-Chief Judge Wilkinson wrote for a unanimous court that affirmed the dismissal -- with prejudice -- of a Section 36(b) action for failure to state a claim. In the district court, Judge Davis dismissed the *Migdal* plaintiffs' "excessive fees" claim as relying on "legally insufficient" "'circumstantial' indicia of excessiveness" that failed to show any "*relation* . . . between the disputed fees on the one hand, and the services provided in consideration for their payment, on the other hand." *Migdal v. Rowe Price-Fleming Int'l, Inc.,* No. AMD 98-2162, 2000 WL 350400, at *3 (D. Md. Mar. 20, 2000). The Fourth Circuit "agree[d]," holding that, "[t]o survive a motion to dismiss, a complaint may not simply allege in a conclusory manner that advisory fees are 'excessive.'" 248 F.3d at 327. Instead, a plaintiff must allege facts that permit the court to "examine the relationship between the fees charged and the services rendered by the investment adviser." *Id.* The plaintiffs did not meet that threshold in *Migdal* because they "failed to allege sufficient facts about the services that defendants offered in return for [the] fees" charged, meaning that their proffered comparison was "not particularly meaningful." *Id.* The

Fourth Circuit expressly warned against dilution of the pleading requirement for Section 36(b) cases, rejecting the plaintiffs' contention that they should be allowed to "seek discovery in order to uncover the elements [that were] currently missing from their Section 36(b) claim." *Id.* at 328.

*Migdal* is on all fours with this case. As T. Rowe Price explained in the Motion to Dismiss, the plaintiffs attempt to build a claim based on their mere say-so that T. Rowe Price performs "substantially the same" services for its eight proprietary Funds as it does for the twenty-four *Sub*advised Funds. Public disclosures that the Securities & Exchange Commission mandates conclusively show that the services T. Rowe Price provides as *sub*adviser are only a *subset* of the services it provides when functioning as adviser. Mot. 4, 10-11; Reply in Support of Mot. Dismiss ("Reply") 5-6, ECF No. 49, and the aggregate fees it charges the mutual funds are in virtually every case *lower* than the aggregate fees the sub-advised funds pay to T. Rowe Price and their primary advisor. The chart at page 11 of T. Rowe Price's motion shows that the plaintiffs' attempt to compare the fees T. Rowe Price charges as advisor to the fees it charges as *sub*advisor is fundamentally flawed and insufficient to meet *Migdal*'s requirement that they plead "facts pertinent to [the] relationship" between T. Rowe Price's fees and "the particular services offered." 248 F.3d at 327.[1]

It is well-established that when the Fourth Circuit has "spoken authoritatively," its ruling is "binding on this court and dispositive of the questions under consideration." *Green v. Pope & Talbott, Inc.*, 328 F. Supp. 71, 82 (D. Md. 1971). *Migdal* thus establishes the scrutiny this Court

---

[1] As explained in the Motion (at 8-10), the plaintiffs' allegations fail to establish a legally cognizable comparison for the additional reason that the Complaint inexplicably tries to compare the total *advisory* fees T. Rowe Price charges the Funds to the *sub*-advisory fees T. Rowe Price charges to the Sub-Advised Funds, instead of the *total* advisory fee charged to the Sub-Advised Funds.

must apply to the Complaint. Importantly, *Migdal* remains binding despite being decided in 2001. Although the Supreme Court decided *Jones* after the Fourth Circuit issued its *Migdal* decision, *Jones* endorsed the liability standard applied in *Migdal*. The Supreme Court in *Jones* endorsed the so-called "*Gartenberg*" rule, crafted by the Second Circuit in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (1982), and adopted by "something of a consensus" of federal courts pre-*Jones*. *See Jones*, 559 U.S. at 343-44. In *Migdal*, the Fourth Circuit joined that consensus. 248 F.3d at 326-27 (applying *Gartenberg*). Under *Gartenberg* and now under *Jones*, courts take "all relevant circumstances . . . into account" in determining whether the adviser "charge[s] a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." 559 U.S. at 346-47. The Fourth Circuit applied that standard in *Migdal*, 248 F.3d at 326, rendering its reasoning still fully applicable to this case.

The post-*Migdal* authority cited in T. Rowe Price's Motion to Dismiss confirms the Fourth Circuit's warning that plaintiffs in Section 36(b) lawsuits should not get a free pass at the motion to dismiss stage. Those cases are highly persuasive, representing the reasoned judgments of federal courts around the country that, in evaluating Section 36(b) claims after the Supreme Court's decision in *Jones*, courts must serve not as rate regulators but as evaluators of whether the disputed fees exceed the "*outer bounds*" of arm's-length bargaining. *Jones v. Harris Assocs. L.P.*, 611 F. App'x 359, 360 (7th Cir. 2015) (on remand from Supreme Court) (emphasis added). The Ninth Circuit's decision in *Turner v. Davis Selected Advisers, LP*, 626 F. App'x 713 (9th Cir. 2015), is particularly apposite. *Turner* demonstrates that the Supreme Court's ruling in *Jones* has teeth when applied to a motion to dismiss under Rule 12(b)(6) and, in particular, that a

complaint "grounded in inapt comparisons" should be dismissed. *Id.* at 717.[2]  Like *Migdal*, the Ninth Circuit's opinion in *Turner* shows that a plaintiff does not state a Section 36(b) claim just by filing suit; instead, a plaintiff must "allege sufficient facts about the services that defendants offered in return for [the] fees" charged. *Migdal*, 248 F.3d at 327; *see also Turner*, 626 F. App'x at 717 (complaint based on "juxtapositions [that] lend no support" to a plaintiff's claim and "conclusory statement[s]" must be dismissed).

Indeed, to the extent that the standard applied by *Migdal* has been changed at all by subsequent case law, it has only been made *more* stringent.  *Migdal* was decided before *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which impose a "higher standard" for pleading. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 416 n.3 (4th Cir. 2015).  The Fourth Circuit has held that *Twombly* and *Iqbal* "require more specificity from complaints in federal civil cases than was heretofore the case." *Robertson v. Sea Pines Real Estate Cos., Inc.*, 679 F.3d 278, 288 (4th Cir. 2012); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015) (holding that *Twombly* and *Iqbal* "rejected the sufficiency of complaints that merely allege the possibility of entitlement to relief, requiring plausibility for obtaining such relief").  The Court should therefore evaluate the Complaint's compliance with *Migdal* under the more-rigorous standard of *Twombly* and *Iqbal*.

The recent decision of another judge of this Court denying a motion to dismiss in a Section 36(b) case in *North Valley GI Medical Group v. Prudential Investments LLC*

---

[2] The nonprecedential status of *Turner* and *Jones* does not diminish the persuasive value of those cases, given that each includes substantial and compelling legal reasoning addressing nearly identical allegations as those asserted by the plaintiffs here. *See Baker v. Bethlehem Steel Corp.*, 24 F.3d 632, 634 (4th Cir. 1994) (following unpublished opinion because "its logic is persuasive"); *cf.* 4th Cir. L.R. 32.1, 7th Cir. R. 32.1, 9th Cir. R. 36-3(b).

("*Prudential*"), Civ. No. JKB-15-3268, 2016 WL 4447037 (D. Md. Aug. 23, 2016), does not compel a different conclusion. *Prudential* is a fundamentally different case because it involves a completely dissimilar mutual fund management structure. In that case, the allegations center on the adviser defendant's purported delegation to sub-advisers of "substantially all of [its] responsibilities for providing investment advisory services to the Funds while, at the same time, retaining over half of the advisory fees Defendant receives from the Funds." *Id.* at \*2. This structure, known as a "manager of managers" structure, is distinct from the arrangement implicated in this case, where (as even the plaintiffs concede) T. Rowe Price functions as sole investment advisor and does *not* delegate advisory services. *See* Compl. ¶¶ 34-45. The "manager of managers" structure in *Prudential* is essential to the plaintiffs' claim in that case; as the *Prudential* court recognized, "[w]hat [the plaintiffs] are attacking is the amount of fees charged and retained by Defendant for serving as a manager of managers." 2016 WL 4447037 at \*9. Put otherwise, the *Prudential* court held that the plaintiffs "plausibly allege [that] Defendants are receiving fees for work that someone else performs." *Id.*; *see also* Compl. ¶¶ 53-54, *Prudential*, Civ. No. JKB-15-3268 (D. Md. Oct. 30, 2015) (alleging that "any investment advisory services provided to the Funds by Defendant are limited to supervision and oversight" and are provided for "de minimis" cost). No such allegation is made here.

The differing fund structures also mean that *Prudential* is distinguishable because that case did not present the same flawed attempt to establish the "arm's length bargaining" range that undermines the plaintiffs' Complaint in this case. *See Jones*, 559 U.S. at 346. In *Prudential*, the court found that the plaintiffs "plausibly claimed that the true worth of the investment advisory services rendered to the Funds is appropriately measured by the arm's-length negotiation *of the subadvisors' fees*"—*i.e.*, the portion of the fees attributable to the

services *Prudential itself* delegated for the funds at issue.  2016 WL 4447037 at *8 (emphasis added). [3]   As explained in T. Rowe Price's Motion to Dismiss, the plaintiffs' proffered comparison in this case is to subadvisory fees paid to T. Rowe Price by *other* advisors for *T. Rowe Price's* subadvisory services.   Compl. ¶¶ 79-90.   No such comparison was at issue in *Prudential*.   To the contrary, the cases cited in the Motion to Dismiss like *Ingenhutt v. State Farm Investment Management Corp.*, No. 1:15-cv-01303 (C.D. Ill. June 22, 2016), which is attached as Exhibit I to the Declaration of Amy Roy in support of the Motion to Dismiss, show that a Section 36(b) complaint is properly dismissed when it is based on a legally flawed comparison like the plaintiffs' Complaint is here.   The *Ingenhutt* court dismissed a Section 36(b) claim in a case where, as here (but unlike in *Prudential*), the plaintiff had alleged that the investment adviser's fees exceeded the arm's-length bargaining range based on a purported comparison to fees paid to sub-advisers.  *Id.* at 7-8.

Therefore, *Prudential* does nothing to change the result compelled in this case by *Migdal*.[4]   The Court should grant T. Rowe Price's Motion to Dismiss.

## II.   FOURTH CIRCUIT LAW IS CONSISTENT WITH NINTH CIRCUIT LAW AS TO JUDICIAL NOTICE

The principles of law cited in the RJN are the same under Fourth Circuit law as under Ninth Circuit law.   In ruling on a motion to dismiss for failure to state a claim, the Court may

---

[3] Although the *Prudential* decision is distinguishable for the reasons stated in this Supplemental Memorandum, T. Rowe Price respectfully disagrees with the *Prudential* court's decision to accord zero persuasive value to the Seventh Circuit's decision on remand in *Jones*.   2016 WL 4447037 at *8.   As discussed *supra*, "like any other writing on a point of law," an unpublished, out-of-circuit opinion "is 'entitled to the weight it generates by the persuasiveness of its reasoning."   *United States v. Fentress*, 241 F. Supp. 2d 526, 529 n.1 (D. Md. 2003) (quoting *Hupman v. Cook*, 640 F.2d 497, 501 (4th Cir. 1981)) (alterations omitted).

[4] Tellingly, the *Prudential* court did not even cite *Migdal*.

consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332 (2007)); *see also United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (similar). The incorporation-by-reference doctrine permits a court to "examine the facts as a whole," including by reviewing documents "cited in plaintiffs' complaint." *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 625 (4th Cir. 2008). In addition, the Court may "take judicial notice of the content of relevant SEC filings and other publicly available documents included in the record." *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014) (citation omitted). Accordingly, the Court should take judicial notice as requested in the RJN.

## <u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in T. Rowe Price's original Motion to Dismiss briefing, the Complaint should be dismissed.

Dated: September 2, 2016

Ward B. Coe III, Federal Bar No. 00282
*wcoe@gejlaw.com*
Anatoly Smolkin, Federal Bar No. 18618
*asmolkin@gejlaw.com*
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Tel: (410) 727-7702
Fax: (410) 468-2786

Respectfully submitted,

   /s/ Robert A. Skinner
John D. Donovan (admitted *pro hac vice*)
*john.donovan@ropesgray.com*
Robert A. Skinner (admitted *pro hac vice*)
*robert.skinner@ropesgray.com*
Amy D. Roy (admitted *pro hac vice*)
*amy.roy@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for Defendant T. Rowe Price Associates, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the ECF system.


/s/ Robert A. Skinner
Robert A. Skinner