```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

CHRISTOPHER ZOIDIS, et al.        *

       Plaintiffs        *

      vs.                          * CIVIL ACTION NO. MJG-16-2786

T. ROWE PRICE ASSOCIATES, INC.    *

       Defendant         *

\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM & ORDER DENYING MOTION TO DISMISS</u>

The Court has before it Defendant T. Rowe Price Associates, Inc.'s Motion to Dismiss for Failure to State a Claim [ECF No. 34] and the materials relating thereto submitted by the parties. The Court has held a hearing and has had the benefit of the arguments of counsel.

I.   <u>BACKGROUND</u>

At all times relevant hereto, Defendant, T. Rowe Price Associates, Inc. ("TRP") has been an investment manager and adviser to various mutual funds.[1] Some 90 or so of these can be referred to as "affiliated" mutual funds that TRP created, and distributes and sells to the public. Also, it advises funds

---

[1] "A mutual fund is a pool of assets, consisting primarily of [a] portfolio [of] securities, and belonging to the individual investors holding shares in the fund." <u>Burks v. Lasker</u>, 441 U.S. 471, 480 (1979). Typically, an investment adviser creates the mutual fund, selects its directors, manages its investments, and provides other services. <u>Jones v. Harris Assocs. L.P.</u>, 559 U.S. 335, 338 (2010).

created by others, e.g., John Hancock, and is compensated for services rendered to them.

Plaintiffs are seven individuals who, at times pertinent hereto, have owned shares in eight[2] of the affiliated mutual funds[3] advised and managed by TRP ("the Eight Funds").

Plaintiffs, on behalf of the Eight Funds, filed this case against TRP in the Northern District of California asserting claims under Section 36(b) of the Investment Company Act[4] ("ICA"), 15 U.S.C. § 80a-35(b). Pursuant to 28 U.S.C. § 1404(a), the case has been transferred to the District of Maryland, the location of TRP's principal place of business. Order, ECF No. 48.

---

[2] One Plaintiff, Howard Gurwim is the owner of shares in two of these funds; each of the six other plaintiffs own shares in one such fund.

[3] These are: (1) T. Rowe Price Blue Chip Growth Fund, (2) T. Rowe Price Capital Appreciation Fund, (3) T. Rowe Price Equity Income Fund, (4) T. Rowe Price Growth Stock Fund, (5) T. Rowe Price International Stock Fund, (6) T. Rowe Price High Yield Fund, (7) T. Rowe Price New Income Fund, and (8) T. Rowe Price Small Cap Stock Fund.

[4] The Investment Company Act of 1940 was adopted because of concern over the potential for abuse inherent in the structure of investment companies. Jones, 559 U.S. at 339. "Recognizing that the relationship between a fund and its investment adviser was 'fraught with potential conflicts of interest,' the [Investment Company] Act created protections for mutual fund shareholders." Id. (quoting Daily Income Fund v. Fox, 464 U.S. 523, 536 (1984)).

By the instant motion, TRP seeks dismissal of all claims pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure.[5]

## II. DISMISSAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]." Id. A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557)).

---

[5] All Rule references herein refer to the Federal Rules of Civil Procedure.

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. (quoting Iqbal, 556 U.S. at 679 (alteration in original)).

III. JUDICIAL NOTICE

TRP requests the Court to take judicial notice of various documents [ECF No. 35].

In considering a Rule 12(b)(6) motion, the court may take judicial notice of public records, including statutes, and "may also 'consider documents incorporated into the complaint by reference,' 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'"  United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (citations omitted).

Accordingly, the Court will take judicial notice of those documents incorporated into the complaint by reference (ECF No.

34, Exs. A, B, D, and F). The Court will also take judicial notice of public documents filed with the Securities and Exchange Commission ("S.E.C.")[6] (ECF No. 34, Exs. E, C, G, and H) and publicly filed court documents in unrelated 36(b) actions (ECF No. 34, Exs. I and K).

However, the Court will not take judicial notice of the Morningstar documents (ECF No. 34, Exs. J1-J8). These documents are not referenced in the Complaint. Moreover, they are not warranted[7] to be accurate. Opp'n 1-2, ECF No. 36.

IV. DISCUSSION

A. Investment Company Act Liability

Section 36(b) of the ICA provides that an investment adviser, such as TRP, has a fiduciary duty with regard to registered investment companies, such as the Eight Funds, regarding compensation for services.

---

[6] "Judicial notice is appropriate of the content of S.E.C. filings, to the extent that this establishes that the statements therein were made, and the fact that these documents were filed with the agency. . . . The Court does not take judicial notice of the truth of the underlying facts in such public documents." In re Mun. Mortg. & Equity, LLC, Sec. & Derivative Litig., 876 F. Supp. 2d 616, 653 n.7 (D. Md. 2012).

[7] The "Terms of Use" contained in the documents specifically states: "Neither Morningstar nor its Information Providers can guarantee the accuracy, completeness, timeliness, or correct sequencing of any of the Information . . . ." See Opp'n 1, ECF No. 36.

5

> [T]he investment adviser of a registered
> investment company shall be deemed to have a
> fiduciary duty with respect to the receipt
> of compensation for services . . . paid by
> such registered investment company . . . to
> such investment adviser.

15 U.S.C. § 80a-35(b).

Moreover, § 36(b) provides that security holders, such as plaintiffs, may sue the investment advisor for breach of that fiduciary duty:

> An action may be brought under this
> subsection by . . . a security holder of
> such registered investment company on behalf
> of such company, against such investment
> adviser . . . for breach of fiduciary duty
> in respect of such compensation . . . paid
> by such registered investment company . . .
> to such investment adviser . . . .

Id.

"[T]o face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." Jones v. Harris Assocs. L.P., 559 U.S. 335, 346 (2010); Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001). "That is, a breach [of fiduciary duty] occurs when the fees charged are excessive or disproportionate to the services rendered." Migdal, 248 F.3d at 328-29.

To determine if fees are excessive or disproportionate to the services rendered, it is necessary to consider all pertinent facts and circumstances. Jones, 559 U.S. at 344.  In Jones, the Supreme Court noted the approach of the Second Circuit utilized in Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 694 F.2d 923, 928 (2d Cir. 1982) that includes consideration of such factors as:

>    (1)   the nature and quality of the services provided to fund shareholders;
>
>    (2)   the profitability of the fund to the adviser-manager;
>
>    (3)   economies of scale of operating the fund as it grows larger;
>
>    (4)   comparative fee structures;
>
>    (5)   fallout benefits, i.e., indirect profits to the adviser attributable in some way to the existence of the fund; and
>
>    (6)   the independence and conscientiousness of the directors.

Jones, 559 U.S. at 344, n.5 (citing Gartenberg, 694 F.2d at 928).


B.   Adequacy of Plaintiffs' Allegations

Plaintiffs allege, in conclusory terms that the investment management fees[8] TRP charged the Eight Funds are "so

---

8    The word "fee" is often used herein to refer to the "fee

disproportionately large that they bear no reasonable relationship to the value of the services provided by Defendant and could not have been the product of arm's-length bargaining." Compl. ¶ 4. Such conclusory statements are not adequate to avoid dismissal. <u>Migdal</u>, 248 F.3d at 327. However, Plaintiffs support the conclusory statement with factual allegations, including those regarding plaintiffs' contentions that:

- TRP was paid disproportionally more by the Eight Funds than by independent funds for properly comparable services.

- TRP did not appropriately share with the Eight Funds the economies of scale resulting from substantial increases in the size of the funds.

- The TRP directors approving the fees charged to the Eight Funds did not independently assess the reasonableness of the fees charged to the Eight Funds.

As discussed herein, the Court finds the factual allegations in the Complaint adequate to present a plausible § 36(b) claim.

    1.   <u>Comparative Fees Charged</u>

TRP provides investment management services to the Eight Funds pursuant to Investment Management Agreements ("IMAs").

---

rate" applied to Assets Under Management ("AUM"). The fee rate is expressed in "basis points" so that a fee rate of 100 basis points would mean a fee of 1% of the AUM.

TRP also provides investment management services to unaffiliated funds pursuant to IMAs.

Plaintiffs assert an allegedly proper comparison between investment management fees paid by the Eight Funds and those fees paid to TRP by 24 identified unaffiliated funds ("the Sub-Advised Funds"). Compl. ¶¶ 79-90. Plaintiffs allege that the investment advisory services provided to the Sub-Advised Funds, pursuant to their IMAs, are reasonably comparable, if not essentially identical, to those provided to the Eight Funds. Compl. ¶¶ 88-90. The Sub-Advised Funds are alleged to be sufficiently similar in pertinent respects[9] to the Eight Funds to render the comparisons meaningful. See, e.g., Compl. ¶¶ 46-48, 91-93. Plaintiffs present allegedly reasonable comparisons of investment objectives, types of securities, investment strategies, and various calculations. See id.

Plaintiffs allege that the Eight Funds pay TRP grossly higher fee rates for services than do the Sub-Advised Funds for comparable services. See, e.g., Compl. ¶¶ 118-119. Specifically, based upon Plaintiffs' comparisons, the fee rates charged seven of the Eight Funds were from 33.7% to 73.0% higher. Moreover, Plaintiffs allege that one of the Eight Funds

---

[9]   Based upon such matters as their investment portfolios, objectives, managers, etc.

- the T. Rowe Price New Income Fund - was charged a fee rate 206.4% more than a comparable Sub-Advised fund.

Of course, TRP denies that Plaintiffs' alleged comparisons are appropriate. Certainly, as noted in Jones, where a plaintiff seeks to rely upon comparisons such as asserted by Plaintiffs, "[i]f the services rendered are sufficiently different that a comparison is not probative, then courts must reject such a comparison." 559 U.S. at 350.

TRP presents various contentions to refute the alleged validity of Plaintiffs' comparisons. For example, TRP contends that even though the IMA's for the Eight Funds and the Sub-Advised funds use similar words to describe the services provided, in fact the services are different. TRP states that a proper interpretation of the IMA's requires consideration of custom and usage in the industry. Therefore, TRP asserts, the IMA contract language does not necessarily describe what is actually done.

TRP also asserts that Plaintiffs did not properly take into account certain services provided to the Eight Funds that were provided to the Sub-Advised Funds for additional charges. In this regard, Plaintiffs allege that they are properly adjusting the comparison to take this into account. Compl. ¶¶ 134-138. Moreover, Plaintiffs allege that the Eight Funds pay fees for

10

services beyond investment management that are in addition to the fees charged for investment management services. Compl. ¶¶ 139-146.

TRP asserts that Plaintiffs do not make factual assertions sufficient to present a plausible claim that the fees paid by the Eight Funds are beyond a range that would result from arms-length bargaining. However, taking Plaintiffs' comparison allegations as plausible, the Eight Funds were charged fee rates from about a third to about two-thirds higher than comparable Sub-Advised funds.[10]

The Court finds it plausible that, assuming Plaintiffs' comparison allegations to be valid, the higher fee rates paid by the Eight Funds could be found to be beyond a reasonable range that would result from arms-length bargaining.

### 2. Economies of Scale

Plaintiffs allege that TRP did not share the benefits of economies of scale with the Funds. In this regard, Plaintiffs allege that the Eight Funds' Assets Under Management ("AUM") increased, with corresponding increases in the management fees paid by the Funds to TRP, but that TRP did not pass along the economy of scale benefits to the Funds. Compl. ¶¶ 147-164.

---

[10] And in one instance more than double.

11

Plaintiffs acknowledge that there are certain breakpoints, which reduce the fee rate as AUM increases but allege that the spacing of the breakpoints and the amounts of fee reductions are grossly inadequate.  Compl. ¶¶ 165-175.

>    3.   Board Approval

In determining the propriety of the fees at issue, "a measure of deference to a board's judgment may be appropriate in some instances [, . . . and] the appropriate measure of deference varies depending on the circumstances."  Jones, 559 U.S. at 349.  As statutorily provided:

> [A]pproval by the board of directors of [an]
> investment company of . . . compensation [as
> at issue herein] . . . shall be given such
> consideration by the court as is deemed
> appropriate under all the circumstances.

15 U.S.C. § 80a-35(b)(2).

In the instance case, a board of directors approved the fees paid by the Eight Funds.  However, Plaintiffs allege that the TRP Board approving the fees at issue did not devote the time and attention necessary to independently assess the fee rate paid by each Fund.  Compl. ¶¶ 227-244.

Plaintiffs allege that the directors serve part-time, hold five meetings a year, and during those meetings, oversee not

only the Funds but more than 82 other T. Rowe Associates-managed mutual funds. Compl. ¶¶ 230-231.

Plaintiffs also allege that the directors relied on information provided by TRP, did not make adequate independent assessments, and approved the fees on the terms proposed rather than negotiating more favorable terms. Compl. ¶¶ 232-238.

Certainly, TRP presents factual contentions that, if found to be more accurate than Plaintiffs, would refute Plaintiffs' allegations. However, as noted above, in the instant dismissal context, the Court does not resolve factual disputes.

Based on the allegations in the Complaint,[11] it does not appear that the Board's approval of the fees at issue would warrant substantial deference.

4. Resolution

The ultimate question here presented is whether, taking Plaintiffs' factual allegations as true, considering all pertinent facts and circumstances, Plaintiffs have asserted a plausible claim that TRP violated its fiduciary duty in regard to the fees at issue.

Of course, no one factor necessarily is conclusive. However, the Court must, for present purposes, take as true

---

[11] Of course, the case may well appear entirely different when viewed in light of evidence as distinct from mere allegations.

Plaintiffs' factual allegations that compare the fee rates charged to the Eight Funds with those charged to the allegedly comparable Sub-Advised Funds,[12] supported by their allegations related to economies of scale and directors' allegedly inadequate oversight.  On this basis, it is at least plausible that TRP charged the Eight Funds fee rates that are "so disproportionately large that [they bear] no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining."  Jones 559 U.S. at 346.

V.   CONCLUSION

For the foregoing reasons:

1. Defendant T. Rowe Price Associates, Inc.'s Motion to Dismiss for Failure to State a Claim [ECF No. 34] is DENIED.

2. Defendant T. Rowe Price Associates, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss [ECF No. 35] is GRANTED IN PART AND DENIED IN PART.

   a. The Court shall take judicial notice of Exhibits A, B, C, D, E, F, G and H attached to the Motion to Dismiss, ECF No. 34.

---

[12] The Court bears in mind that it must take care not to give too much weight to the fee comparison. See Jones, 559 U.S. at 349-50.  In the instant case, however, taking the comparison allegations as valid, and finding in the Complaint little, if any, support for TRP's position, the Court finds it appropriate to give the comparison allegations substantial weight.

      b.    The Court shall not take judicial notice of Exhibits J1 to J8 attached to the Motion to Dismiss, ECF No. 34.

3. Defendant shall file its Answer by April 17, 2017.

4. Plaintiffs shall arrange a case planning telephone conference to be held by April 28, 2017.

SO ORDERED, on <u>Friday, March 31, 2017</u>.

                                              /s/___  __ _  
                                               Marvin J. Garbis  
                                    United States District Judge