

J. Michael Hennigan
Direct Dial: (213) 694-1002
Hennigan@mckoolsmithhennigan.com

300 South Grand Avenue
Suite 2900
Los Angeles, CA 90071

Telephone: (213) 694-1200
Telecopier: (213) 694-1234

June 14, 2017

**BY ECF**

Hon. Marvin J. Garbis
United States District Judge
United States District Court
District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    *Zoidis v. T. Rowe Price Associates, Inc.*
            Civil No. 16-02786-MJG

Dear Judge Garbis:

    We represent Plaintiffs in the above-referenced matter and write to update the Court regarding a recent decision in a case that Defendant previously brought to the Court's attention in advocating for phased discovery in this action.

    On June 5, 2017, the court in *Kennis v. Metropolitan West Asset Mgmt., LLC*, No. CV-15-8162 (C.D. Cal.), issued a Tentative Order denying defendant's motion for summary judgment.[1]  At the hearing on summary judgment, the court ordered the parties to consolidate the various statement of facts into one document, as the Court had initially expected.  The Court also gave the parties permission to supplement the facts if they so desire.  While Plaintiffs recognize

---

[1]    The Tentative Order is attached hereto as Exhibit A.

Hon. Marvin J. Garbis
United States District Court
District of Maryland
June 14, 2017
Page 2

that the *MetWest* order is "tentative," the order (and the proceedings in *MetWest*) illustrate the inefficiencies that result from phased discovery in a case such as this.

In *MetWest*, discovery was phased in the same manner as contemplated by the Court's April 27, 2017 Order in this case, with the first phase focusing upon any purported differences between the services provided by Defendant to certain of its captive mutual funds and the services it provides to other independent mutual funds.  *See* ECF No. 95.  Also as in *MetWest*, the Court ordered that any further discovery regarding costs and profitability would be determined in due course.  *Id*.

In the Tentative Order, the court in *MetWest* recognized that the similarity of the services provided by Defendant is only relevant to the issue of whether there is a factual predicate for plaintiff's fee comparison, and that a plaintiff is not required to present a fee comparison to prove a violation of Section 36(b).  Tentative Order at 8.  The court explained that "[t]o determine whether the fee charged is disproportionately large in light of the services rendered, courts consider all relevant factors…."  *Id.*

Thus, restricting discovery in the manner contemplated will lead to similar inefficiencies and, in any event, Phase 1 would not be dispositive of Plaintiffs' claims.  *See* Tentative Order at 8 ("To the extent that Defendant seeks full dismissal of Plaintiff's claim on this basis, the Court would deny the motion.").

                            Respectfully submitted,

                             */s/  J. Michael Hennigan*
                            J. Michael Hennigan

Attachment (Exhibit A)